UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION
CASE NO.:

VIJAY BRAHMBHATT,

      Plaintiff,

v.

DNK UNITED ONE, INC. d/b/a 7- ELEVEN
and DINESH PATEL, individually

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, VIJAY BRAHMBHATT, (hereinafter referred to as "PLAINTIFF") pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), by and through his undersigned counsel and sues the Defendant, DNK UNITED ONE, INC. d/b/a 7 - ELEVEN (hereinafter referred to as "7-ELEVEN") and DINESH PATEL, individually (hereinafter referred to as "PATEL"), collectively known as "DEFENDANTS" and alleges as follows:

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

2.    Venue lies within the United States District Court for the Southern District of Florida, Fort Pierce Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3.    At all times material herein, Plaintiff was and is a resident of Indian River County, Florida.

1

4.      At all times material herein, Defendant was and is a Florida for profit corporation, authorized and doing business in this judicial district.  At all times material Defendant was an employer as defined by the FLSA.

5.      Defendant, PATEL, is the President of DNK United One, Inc. d/b/a 7-Eleven, and was acting in a supervisory capacity for DNK United One, Inc. d/b/a 7-Eleven. Defendant, PATEL, had the power to hire and fire employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment and/or maintained employment records.  Defendant, PATEL, possessed operational control of business activities.

6.      Defendant, PATEL, was involved in the day to day operations and had direct responsibility for the supervision of Plaintiff.

7.      At all times material herein, Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(l), Defendants were Plaintiff's employers within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

8.      Defendants are an "enterprise" as  defined by 29.U.S.C.  § 204(s)(1)(A).

## GENERAL ALLEGATIONS

9.      At all times material, Defendants willfully violated the Fair Labor Standards Act ("FLSA").

10.     Plaintiff has retained the undersigned counsel to represent his interest in this action and is obligated to pay them a reasonable fee for their services.

11.     Plaintiff requests a jury trial for all issues so triable.

## FACTS

12.     Plaintiff began his employment with Defendants on or about June 5, 2020, in the

position of Store Manager.

13.     Plaintiff was hired with the understanding that he was to work seven days per week, twelve hours per day earning Ten Dollars ($10.00) per hour and that after six months he was to receive 25% of the profits of the store. (See attached Exhibit "A").

14.     On or about November 20, 2020, just prior to when the 25% profit sharing agreement was to begin, Defendants unilaterally presented Plaintiff with an alternate  agreement to sign changing the conditions of Plaintiff's employment and advised Plaintiff to sign it or he would be forced to resign.

15.     Plaintiff regularly and routinely worked over forty (40) hours in a work week.

16.     Plaintiff was not paid time and a one-half his regular hourly rate for each and every hour that he worked in excess of forty (40) hours in a work week for all weeks that he worked.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

17.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through sixteen (16).

18.     At all times material, Defendants, failed to comply with 29 U.S.C. § 201 et seq., in that Plaintiff worked for Defendants in excess of forty (40) hours per work week, but no provision was made by Defendants to compensate Plaintiff at the rate of time and one-half for the hours in excess of forty (40) that were worked each week.

19.     Defendants' failure to pay Plaintiff the required overtime pay was intentional and willful.

20.     As a direct and legal consequence of Defendants' unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff prays for the following damages against Defendants:

      a.     Overtime compensation

      b.     Liquidated damages;

      c.     Prejudgment interest;

      d.     Payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim.

      e.     Equitable relief declaring and mandating the cessation of Defendants' unlawful pay policy; and

      f.     Such other relief as the court may deem just and proper.

## COUNT II
## BREACH OF CONTRACT

21.     Plaintiff re-alleges and adopt, as if fully set forth herein, the allegations stated in Paragraphs one (1) through sixteen (16).

22.     That on or about June 6, 2020, the parties entered into an Agreement (Attached as Exhibit A) prepared by a representative of the Defendants.

23.     Plaintiff performed all of the conditions and obligations under the Agreement.

24.     The Defendants failed in their contractual duties to perform their obligations under the Agreement.

25.     The actions of Defendants constitutes a breach of the Agreement and/or contract between the parties.

26.     As a direct and proximate result of the Defendants' breach of the Agreement, Plaintiff has sustained damages, including but not limited to the loss of wages, benefits and entitlements under the agreement and consequential damages.

27.     As a result of the breach of the Agreement by Defendants, Plaintiff, has retained

the undersigned counsel and is obligated to pay them costs and attorneys' fees.

28.     Plaintiff is entitled to fees and costs pursuant to Florida Statutes Chapter 448.08.

WHEREFORE, Plaintiff respectfully request all legal and equitable relief allowed by law including judgment against Defendants for back pay, unpaid wages, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

Dated this 21st day of January 2021.

FLORIN GRAY BOUZAS OWENS, LLC

/s/Wolfgang M. Florin__
Wolfgang M. Florin
Florida Bar No.: 907804
wolfgang@fgbolaw.com
Hunter A. Higdon
Florida Bar No.: 85963
Hunter@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
 Facsimile (727) 483-7942
Attorneys for Plaintiff

5